**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1943**

_____

BOLA KAMEL SHAHAT SOLIMAN,

                 Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

                 Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: March 11, 2010           Decided: April 13, 2010

_____

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Samy Beshay, New York, New York, for Petitioner. Tony West, Assistant Attorney General, Keith I. McManus, Senior Litigation Counsel, Kimberly A. Burdge, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bola Kamel Shahat Soliman, a native of Nigeria and a citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds[.]" Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted). Persecution is "the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." Khalili v. Holder, 557 F.3d 429, 436 (6th Cir. 2004) (internal quotation marks and citation omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Id.

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, __ S. Ct. __, 2010 WL 58386 (U.S. Jan. 11, 2010) (No. 09-194). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted) (alteration added).

3

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board added its own reasoning when it adopted the immigration judge's decision, this court will review both decisions. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

We find substantial evidence supports the Board's finding that Soliman failed to show his claim of past persecution was as a result of the Egyptian government directing such persecution or because the government was unable or unwilling to control those persons Soliman claimed had persecuted him. We also find substantial evidence supports the finding that Soliman did not establish a well-founded fear of persecution. We further find Soliman did not challenge the

4

finding that he could escape the persecution by relocating within Egypt.[*]

Because the record does not compel a different result, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

[*] Soliman does not challenge the denial of relief under the CAT. As such, the claim is abandoned. <u>See</u> <u>Yousefi v. INS</u>, 260 F.3d 318, 326 (4th Cir. 2001).